AARON A. DE GRAUW, Respondent, *v.* SAMUEL A. WARNER, Appellant.

*Trespass upon lands — who cannot maintain an action therefor.*

In an action brought to recover damages for trespass upon lands, alleged to have been committed in 1889, the proof showed that the defendant went into possession of the premises in 1887, immediately after a conveyance of the property to him, and had remained in possession ever since.

*Held,* that that fact was fatal to the plaintiff's action. A person out of possession of real estate cannot maintain an action for trespass while he is out of possession.

APPEAL by the defendant, Samuel A. Warner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 26th day of October, 1892, upon the verdict of a jury for six cents damages, rendered after a trial at the Queens County Circuit.

The action was brought to recover damages for trespass, as alleged, upon the plaintiff's lands by the defendant.

*Charles DeKay Townsend,* for the appellant.

*Henry A. Monfort,* for the respondent.

PRATT, J. :

The conveyance to defendant includes the *locus in quo* and so do several of the instruments executed at the time with intent to vest the title in him. The conveyance from plaintiff to defendant's grantor, executed and delivered at the same time, is defective by the omission of one or more courses, and the description is, therefore, imperfect. But, as plaintiff had knowledge of all the conveyances and of their object, was present when they were delivered, gave no notice of any claim on his part, and received the whole of

the consideration money, we think he is clearly estopped from advancing any claim to the premises.

The action is for trespass alleged to have been committed in 1889. The proof is that the defendant went into possession in 1887, immediately after the conveyance to him, and has remained in possession ever since. That proof was not disputed, and the correctness was conceded. The fact is fatal to this action.

One out of possession cannot maintain an action for trespass while he is out of possession. (*Wood* v. *Lafayette*, 68 N. Y. 181.)

The judgment must be reversed and new trial must be had, with costs to abide event.

BROWN, P. J., and DYKMAN, J., concurred in result.

Judgment reversed and new trial granted, costs to abide event.